Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

District of Massachusetts

|  |  |
|---|---|
| *Nicholas Traylor* | ) Case No. _____ |
|  | ) *(to be filled in by the Clerk's Office)* |
| **Plaintiff(s)** | ) |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) Jury Trial: *(check one)* ☐ Yes ☐ No |
| *City of Springfield, MA* *Springfield Police Department et, al* | ) |
|  | ) FEB 9 '22 PM 3:37 USDC |
| **Defendant(s)** | ) |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) |

## COMPLAINT FOR A CIVIL CASE

### I.     The Parties to This Complaint

#### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | *Nicholas Traylor* |
| Street Address | *Old Colony Correctional Center* |
| City and County | *1 Administration Road* |
| State and Zip Code | *Bridgewater, MA, 02324* |
| Telephone Number | |
| E-mail Address | |

#### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

Defendant No. 1

    Name                         John Barbieri (Springfield Police Dept)

    Job or Title *(if known)*     Police Officer

    Street Address         130 Pearl Street

    City and County      Springfield, MA  01105

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 2

    Name                         City of Springfield, MA

    Job or Title *(if known)*

    Street Address         City of Springfield, MA

    City and County      36 Court Street

    State and Zip Code     Springfield, MA  01103

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

## II.     Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

☐ Federal question          ☒ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.     If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

### B.     If the Basis for Jurisdiction Is Diversity of Citizenship

1.     The Plaintiff(s)

   a.     If the plaintiff is an individual

   The plaintiff, *(name)*  Nicholas Traylor , is a citizen of the State of *(name)*  Massachusetts .

   b.     If the plaintiff is a corporation

   The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ ,

   and has its principal place of business in the State of *(name)* _____ .

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.     The Defendant(s)

   a.     If the defendant is an individual

   The defendant, *(name)*  John Barbieri , is a citizen of the State of *(name)*  Massachusetts . Or is a citizen of *(foreign nation)* _____ .

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

b.   If the defendant is a corporation

The defendant, *(name)* _John Barbieri_ , is incorporated under

the laws of the State of *(name)* _Massachusetts_ , and has its

principal place of business in the State of *(name)* _Springfield Police Dept_

Or is incorporated under the laws of *(foreign nation)* _N.A_ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.   The Amount in Controversy

The amount in controversy-the amount the plaintiff claims the defendant owes or the amount at stake-is more than $75,000, not counting interest and costs of court, because *(explain)*: _Defend refused to provide the public records and failure to investigate a complaint_

## III.   Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

Attach ( 1A - 44 )

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

A Cost to obtain Public Records in the amount of $50.00
B. fee incomed to obtain Public Records in the amount of $50.00
C Deprivation of Criminal Complaint/loss of property and damages
$80,000
D Any other relief that the court deems appropriate
E. Trial by Jury

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

## V.     Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.     For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:       12/28/2021

Signature of Plaintiff       *Nicholas Trayler*

Printed Name of Plaintiff       *Nicholas Trayler*

### B.     For Attorneys

Date of signing:       _____

Signature of Attorney       _____

Printed Name of Attorney       _____

Bar Number       _____

Name of Law Firm       _____

Street Address       _____

State and Zip Code       _____

Telephone Number       _____

E-mail Address       _____



## COMMONWEALTH OF MASSACHUSETTS

Hampden, SS

Superior, Court Dept
Civil Division
No: 1979 CV 0079

NICHOLAS TRAYLOR
    (plaintiff)

Vs.

SPRINGFIELD, POLICE DEPARTMENT
    (defendant)

### VERIFIED COMPLAINT
#### Introduction

(1) This is an action by Nicholas Traylor, Pro_-Se, against the, Springfield Police Department seeking cost and fees, as well as injunctive relief for failure to produce Public Records in accordance with the requirements of the Public Records Act of Massachusetts, G.Lc. 66 § 10 .

### VENUE AND JURISDICTION

(2) The Hampden Superior Court is the appropriate venue and jurisdiction under M.G.Lc. 213 § 1 and c. 214 §, M.G.L.c 66 § 10, et sq

### PARTIES

(3) The Plaintiff, Nicholas Traylor, a citizen of the Commonwealth of Massachusetts, who is located at, 2 Clark Street, P.O Box 43, in Norfolk, Ma, 02056.



(4) The defendant, Springfield Police Department, who is located at 130 Pearl Street, Springfield, MA, 01106.

## COMPLAINT

(5) On May 30, 2018 docket number# SPR18-753, city court, plaintiff, who is currently incarcerated at Massachusetts Correctional institution-Norfolk (MCI-Norfolk), submitted a Public Records request, G.L.c 66$ 10(a), to the defendant, Springfield Police Department in the County of Hampen(see attached Exhibit A)

(6) The request was made by the plaintiff seeking to obtain access to information on how to file a criminal complaint against an individual citizen who cause personal damage to me defendant's property which happen to be a Porsche Cayenne, and a settlement check-among other things, that mere imparably lost.

(7) After the submission of the PUBLIC RECORDS request then defendant's failed to response to said request within the prescribed statutory time fram of ten(10) days.

(8) On November 17, 2018, Public Records#R000346-110918, plaintiff submitted an apeal of his Public Records request pursuant to G.L.c. 66§ 10(b) to Supervisor of records, Rebecca S. Murray.(see attached Exhibit B)

(9) On November 28, 2018, plaintiff received a copy of a correspondece from the Supervisor of Public Records inquiring with the defendant's on the status of responds to plaintiff's Public Records request. (see attached Exhibit C)

(10) As to date, plaintiff has not received any responds from the Supervisor of Public Records to his apeal and has been denied access to public records by the defendant and is being discriminated against by the defendant due to his ststus as incarcerated person and being indigent and will continue to suffer imparable harm into the forseeable future if he doesn't obtain requested information.

(11) Plaintiff has no plain, adequate or complete remedy at law to, redress the wrong described herein, Plaintiff has been and will continue to be denied access under the Public Records Act and suffer further imparable harm by the defendant's conduct, unless this court grants the relief being sought in complaint.



### Prayers for Relief

WHEREFORE THE PLAINTIFF REQUEST THAT THIS COURT ORDER)

A. COST to obtain Public Records in the amount of $50.00

B. Fees incomed to obtain Public Records in the amount of $50.00

C. Injunctive relief ordering the Chief of Police to comply with

D. Plaintiff Public Records request within five days or pay the amount of $500.00, in damages for failure adhere to M.G.L.c 66 § 10, et seq.

E. Any other relief that this Court deems appropriate.


Respectfully submitted,

W106342

3/7/2019
Date

P.O. Box 43
Norfolk, MA, 02056

## EXHIBIT A



Nicholas Traylor (W106342)                    04/25/2018
P.O BOX, 43
Norfolk, Ma,02056


        Pursuant to M.G.L.C 66§10a, Im seeking the following,
public records:
        A complaint made by me Nicholas Traylor, on or about the
date of 11-28-17, and again on or about 2-7-18.
        Also a master sheet, master index, rap sheet or other
tracking information used by your department for myself, nicholas
Traylor 4-27-1975 and Latoya Smith 12-18-1986.


        Please be advised that you have 10 business days to reply
to this request per state law.


                                    Thank You,
                                    Nicholas Traylor



To: Supervisor of public Records
    1 Ashburton Place,room 1719
    Boston, Ma, 02108


        Greetings,

I am writing to you today because i sent a public records request
to the Springfield Ma police department on 4-25-18.
        To date, i have not even received a reply. This is in violation
of M.G.L.c.66$10A. Please look into this matter and order the

Springfield Police department to:

1. Provide the records that were requested free of charge in
accordance with the state law.

2. Provide said department with an updated copy of the public records
access officer(s).


I thank you    for your attention to this matter and look forward
to your reply

                        Respectfully submitted,
                            Nicholas TRAYLOR(W106342)
                            2 Clark St
                            P. O. Box 43
                            Norfolk, Ma 02056
                            5/14/18
                            Nicholas Traylor

## EXHIBIT A





6

Anthony L. Wilson, Esq.
*City Clerk*
City of Springfield
Office of the City Clerk
36 Court Street
Springfield, MA 01103
Direct Dial: (413) 736-3111
Fax (413) 787-6502
Email: awilson@springfieldcityhall.com

## THE CITY OF SPRINGFIELD, MASSACHUSETTS

May 30, 2018

**VIA EMAIL:** pre@sec.state.ma.us

Rebecca S. Murray, Esq.
Supervisor of Public Records
Division of Public Records
Office of the Secretary of the Commonwealth
One Ashburton Place, Room 1719
Boston, MA  02108

    *Re:  SPR18-753 Traylor, Nicholas*

Dear Attorney Murray:

The City's response to Mr. Nicholas Traylor's appeal #SPR18-753 is enclosed.

Please contact either myself at the above number,  or the Public Records Coordinator,
Andrea L. Stone, at publicrecords@springfieldcityhall.com with any questions.

                 Sincerely,

                 Anthony I. Wilson, Esq.
                 City Clerk
                 Records Access Officer

AIW:als

Cc:  Mr. Nicholas Traylor

Enclosure

EXHIBIT A



**Anthony I. Wilson, Esq.**
*City Clerk*
City of Springfield
Office of the City Clerk
36 Court Street
Springfield, MA 01103
Direct Dial: (413) 736-3111
Fax: (413) 787-6502
Email: awilson@springfieldcityhall.com



## THE CITY OF SPRINGFIELD, MASSACHUSETTS

May 30, 2018

Mr. Nicholas Traylor [W106342]
2 Clark Street
P.O. Box 43
Norfolk, MA  02056

    RE: *SPR18-753*

Dear Mr. Traylor:

This letter is in response to your petition to the Secretary of the Commonwealth's Public Records Division regarding the City's response to your public records request.

The City does not have any records that are responsive to your request.

Should you be aggrieved by this response, you may appeal to the Supervisor of Public Records in the Massachusetts Secretary of State's Office pursuant to 950 CMR 32.00 and G.L.c. 66, §10(b).

Please contact either myself at the above number, or the Public Records Coordinator, Andrea L. Stone, at publicrecords@springfieldcityhall.com with any questions.

Sincerely,

Anthony I. Wilson, Esq.
City Clerk

AIW:als

Cc:  Rebecca S. Murray, Esq.
     SOC Public Records Division

**EXHIBIT B**

OCTOBER 24, 2018

NICHOLAS TRAYLOR, W-106342
MCI NORFOLK
2 CLARK STREET, P.O. BOX 43
NORFOLK, MA. 02056

JOHN R. BARBERI, COMMISSIONER
SPRINGFIELD POLICE DEPARTMENT
130 PEARL STREET
SPRINGFIELD, MA. 01105

RE: PUBLIC RECORDS REQUEST

Dear Mr. Barberi,

    In accordance with Massachusetts General law, Chapter 66 Section 10(a) of the Public Records Act I submit this request to obtain access to the following documents:

* BLANK INCIDENT REPORT (For filing a Complaint regarding theft of personal property)

* PROCEDURE FOR FILING A COMPLAINT BY A CITIZEN (Please include any other policy or procedure that may assist those who are incarcerated in filing such a complaint with your Department)

    Please be advised that a response to this request is due within ten (10) days of receipt of this formal request under the aforementioned statute, failure to respond in such specified time frame will result in the filing of an appeal with the Office of the Supervisor Of Records to compel compliance with this request.

    I thank you for your time and anticipated cooperation.

Respectfully submitted,

Nicholas Traylor

Cc: File



## EXHIBIT C

**Rastellini, Patricia (SEC)**

| | |
|---|---|
| **From:** | Rastellini, Patricia (SEC) |
| **Sent:** | Wednesday, November 14, 2018 3:34 PM |
| **To:** | 'spd@springfieldpolice.net' |
| **Subject:** | SPR18/1693, public records appeal of Nicholas Traylor |
| **Attachments:** | 181693traylorspringfieldpd.pdf |

Dear Records Custodian:

Please be aware, this office has received an appeal relating to your entity's response to a request for public records. Attached are further details concerning this appeal. If you have any questions or wish to provide further information relating to this matter, please contact the Public Records Division at pre@sec.state.ma.us or 617-727-2832. Given that the Supervisor of Records must issue a determination within 10 business days of receipt of the appeal petition, please provide any additional information to this office as soon as possible.

Patricia H. Rastellini
Office Manager
Office of the Secretary of the Commonwealth
Public Records Division
One Ashburton Place, Room 1719
Boston, MA. 02108
(617) 727-2832

EXHIBIT B




**Anthony I. Wilson, Esq.**
*City Clerk*
City of Springfield
Office of the City Clerk
36 Court Street
Springfield, MA 01103
Direct Dial: (413) 736-3111
Fax: (413) 787-6502
Email: awilson@springfieldcityhall.com

## THE CITY OF SPRINGFIELD, MASSACHUSETTS

November 27, 2018

Mr. Nicholas Traylor, W-106342
MCI Norfolk
2 Clark Street
P.O. Box 43
Norfolk, MA   02053

  *RE:  Public Records Request – #R000346-110918*

Dear Mr. Traylor:

  This letter is in response to your public records request to the City of Springfield.  You requested:
   *Access to the following documents:*
   *1. BLANK INCIDENT REPORT (For filing a Complaint regarding theft of personal property)*

   *2. PROCEDURE FOR FILING A COMPLAINT BY A CITIZEN (Please include any other policy or procedure that may assist those who are incarcerated in filing such a complaint with your Department).*

Personnel in the Police Department have advised that there are no records are responsive to your request.  Reports regarding theft of personal property should be to the SPD non-emergency telephone number (413)787-6302.

Should you be aggrieved by this response, you may appeal to the Supervisor of Public Records in the Massachusetts Secretary of State's Office pursuant to 950 CMR 32.00 and G.L.c. 66, §10(b).

Please contact the Public Records Coordinator, Andrea L. Stone, at with any questions.   Please reference public records request #R000346-110918, in all future correspondence relating to this request.

    Sincerely,

    Anthony I. Wilson, Esq.
    City Clerk

AIW:als

EXHIBIT C





# The Commonwealth of Massachusetts
William Francis Galvin, Secretary of the Commonwealth
Public Records Division

Rebecca S. Murray
*Supervisor of Records*

November 28, 2018
SPR18/1693

John Barbieri
City of Springfield – Police Department
130 Pearl Street
Springfield, MA  01105

Dear Mr. Barbiere:

I have received the petition of Nicholas Traylor appealing the nonresponse of the City of Springfield – Police Department (Department) to a request for public records. G. L. c. 66 § 10A; see also 950 C.M.R. 32.08(1). Specifically, Mr. Traylor requested a blank incident report and the procedure for filing a complaint by a citizen. Having received no response, he petitioned this office.

### *The Public Records Law*

The Public Records Law strongly favors disclosure by creating a presumption that all governmental records are public records. G. L. c. 66, § 10A(d); 950 C.M.R. 32.03(4). "Public records" is broadly defined to include all documentary materials or data, regardless of physical form or characteristics, made or received by any officer or employee of any town of the Commonwealth, unless falling within a statutory exemption. G. L. c. 4, § 7(26).

It is the burden of the records custodian to demonstrate the application of an exemption in order to withhold a requested record. G. L. c. 66, § 10(b)(iv); 950 C.M.R. 32.06(3); see also Dist. Attorney for the Norfolk Dist. v. Flatley, 419 Mass. 507, 511 (1995) (custodian has the burden of establishing the applicability of an exemption). To meet the specificity requirement a custodian must not only cite an exemption, but must also state why the exemption applies to the withheld or redacted portion of the responsive record.

If there are any fees associated with a response a written, good faith estimate must be provided. G. L. c. 66, § 10(b)(viii); see also 950 C.M.R. 32.07(2). Once fees are paid, a records custodian must provide the responsive records.

One Ashburton Place, Room 1719, Boston, Massachusetts 02108 • (617) 727-2832• Fax: (617) 727-5914

## EXHIBIT C

John Barbieri                                    SPR18/1693
Page 2
November 28, 2018



*Order*

Despite being notified of the opening of this appeal, no response has been provided. Accordingly, the Department is ordered to provide Mr. Traylor with a response to the request, provided in a manner consistent with this order, the Public Records Law and its Regulations within ten (10) business days. A copy of any such response must be provided to this office. It is preferable to send an electronic copy of this response to this office at pre@sec.state.ma.us.

Sincerely,

Rebecca S. Murray
Supervisor of Records

cc: Nicholas Traylor

*13*

# COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.

**SUPERIOR COURT**
**CIVIL ACTION NO. 1979CV00179**

HAMPDEN COUNTY
SUPERIOR COURT
**FILED**

**NOV 0 1 2019**

*[signature]*
CLERK OF COURTS

### NICHOLOS TRAYLOR

**vs.**

### CITY OF SPRINGFIELD & another[1]

## MEMORANDUM OF DECISION AND ORDER ON DEFENDANTS' MOTION TO DISMISS

The defendants, City of Springfield (hereinafter, the "City") and the Springfield Police Department (hereinafter, the "Department") move to dismiss the amended complaint of plaintiff Nicholos Traylor on the ground that it fails to state a claim upon which relief may be granted. In the amended complaint, Mr. Traylor attempts to state claims grounded on the Department's alleged failure to investigate reports of theft made by him. For the reasons set forth below, the defendants' motion to dismiss is **ALLOWED**.

## I.   BACKGROUND

Mr. Traylor is incarcerated at MCI Norfolk. In late 2017, Mr. Traylor learned that, while he was incarcerated, a family member, Latoya Smith, had stolen Mr. Traylor's vehicle, a Porsche Cayenne, and other items of Mr. Traylor's property. Mr. Traylor's mother reported the thefts to the Department but was told that she could not file a complaint because the property was not hers. Thereafter, on or about November 28, 2017, February 7, 2018 and March 25, 2018, by letter, Mr. Traylor reported the theft of his car and other personal property to the Department. Mr. Traylor received no response to his letters. Mr. Traylor also made public records requests to the Department requesting records and information pertaining to his reports that his vehicle and

---

[1] Springfield Police Department.

*17*

*14*

other property had been stolen and complained, by letter, to the mayor of the City, the Registry of Motor Vehicles and the police commissioner. At some point, Mr. Traylor learned that Ms. Smith was involved in an accident driving Mr. Traylor's vehicle and the vehicle was totaled.

Mr. Traylor claims that the City and the Department "acted in concert" in "failing to process Traylor's complaint of being the victim of grand larceny by Latoya Smith" and, as a result, Mr. Traylor has lost "thousands of dollars of property, and irreplaceable collectables and furniture." Mr. Traylor further claims that the City is liable for his losses because of its failure "to properly train, supervise, monitor and discipline Springfield Police Officers." Mr. Traylor seeks damages as well as declaratory and injunctive relief.

## II.    **MOTION TO DISMISS STANDARD**

In considering a motion to dismiss under rule 12(b)(6), this court accepts as true the facts alleged in the complaint as well as any favorable inferences that reasonably can be drawn from them. See *Lopez* v. *Commonwealth*, 463 Mass. 696, 700 (2012). Factual allegations are sufficient to survive a motion to dismiss under rule 12(b)(6) if they "plausibly suggest [and are] (not merely consistent with)" an entitlement to relief. See *Iannacchino* v. *Ford Motor Co.*, 451 Mass. 623, 636 (2008), quoting *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 557 (2007). The factual allegations must "raise a right to relief above the speculative level ... [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact)...." *Iannacchino v. Ford Motor Co., supra*, quoting *Bell Atl. Corp. v. Twombly, supra.*

## III.    **DISCUSSION**

As noted above, Mr. Traylor's amended complaint is centered around allegations that the Department failed to investigate and take action regarding his reports that Ms. Smith had stolen his property. For the reasons set forth below, I conclude that these allegations fail to state a

2

/5

claim upon which relief may be granted. In his amended complaint, Mr. Traylor also references

attempts to obtain documents from the Department pursuant to G.L. c. 66, § 10. These

allegations also fail to state a claim.

### A. Claims Based on Department's Alleged Failure to Investigate.

**1. Negligence.** Assuming, without deciding, that Mr. Traylor's allegations suggest

negligence on the part of the Department and the City, those allegations do not survive the

defendants' motion to dismiss. Under G.L. c. 258, § 2, a municipality or the department of a

municipality, may be held liable for negligence. See G.L. c. 258, § 2. There are certain

exceptions to the application of Section 2, however, at least one of which applies to the factual

allegations in Mr. Traylor's amended complaint. See G.L. c. 258, §§ 10(h).

Section 10(h) bars application of Section 2 to "any claim ... for failure to provide

adequate police protection, prevent the commission of crimes, investigate, detect or solve crimes,

identify or apprehend criminals or suspects, arrest or detain suspects, or enforce any law ...."

G.L. c. 258, § 10(h). As Mr. Traylor alleges that the Department failed to investigate his reports

that Ms. Smith stole from him, his allegations fit squarely into Section 10(h), and a negligence

claim based on those allegations is barred. The claim that the City "breached its duty to properly

train, supervise, monitor and discipline Springfield Police Officers for their failure to properly

register complaints of crimes committed within the City of Springfield" is likewise barred by

Section 10(h) because it, too, is based on the Department's alleged failure to investigate Mr.

Traylor's reports of theft.

### 2. Deprivation of Rights Guaranteed by the United States Constitution and the Massachusetts Declaration of Rights.

Mr. Traylor claims that the City and the Department violated his rights to due process and

equal protection of the laws "by failing to process Traylor's complaint of being the victim of

3

*16*

grand larceny by Latoya Smith." The deprivation of rights guaranteed by the United States

Constitution is actionable under 42 U.S.C. § 1983.  See U.S.C. § 1983.  Under that statute, a

successful litigant may recover damages and injunctive relief.  *Id.*  In the absence of threats,

intimidation or coercion, a successful litigant alleging deprivation of rights guaranteed by the

Massachusetts Constitution may obtain declaratory and injunctive relief but not damages.  See

*Doe* v. *Sex Offender Registry Board*, 94 Mass. App. Ct. 52, 57 & 63-64 (2018).   The allegations

in Mr. Traylor's amended complaint do not plausibly suggest an entitlement to relief under

Section 1983 or the Massachusetts Constitution because (a) they do not allege a deprivation of

Mr. Traylor's due process rights; (b) they do not allege a deprivation of Mr. Traylor's right to

equal protection; (c) with respect to Section 1983, they do not allege that the Department or the

City's conduct was pursuant to a policy or custom; and (d) with respect to conspiracy, they do

not allege an actual deprivation of a right.

      *a.*    *Due Process.*  The right to due process "operates as a restriction against

'unwarranted governmental interference' but does not guarantee citizens protection from danger

posed by non-governmental sources."  *Brum* v. *Town of Dartmouth*, 428 Mass. 684, 698 (1999),

quoting *DeShaney* v. *Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 196-197 (1989).

Essential to any claim of a violation of due process rights, is deprivation of a life, liberty or

property interest by government.  See *Harron* v. *Town of Franklin*, 660 F.3d 531, 537 (1st Cir.

2011) (procedural due process); *Clark* v. *Boscher*, 514 F.3d 107, 112 (1st Cir. 2008) (substantive

due process).  See also *Perullo* v. *Advisory Committee on Personnel Standards*, 476 Mass. 829,

840 n.15 (2017) (noting that the protections afforded to property interests by the United States

and Massachusetts Constitutions is "subject to the same analysis", quotation and citation

omitted).  Mr. Traylor does not allege deprivation of property by government.  Rather, he alleges

4

*17*

that a third party took property from him.  Mr. Traylor fails, therefore, to state a claim for violation by the Department or the City of his right to due process.  See *DeShaney* v. *Winnebago County Dept. of Social Services*, 489 U.S. 189, 195 (1989) ("[The due process clause of the Fourteenth Amendment] forbids the State itself to deprive individuals of life, liberty, or property without 'due process of law,' but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means").

    *b.*    ***Equal Protection.***    Equal protection analysis is identical under the Fourteenth Amendment and the Massachusetts constitution.  See *LaCava* v. *Lucander*, 58 Mass. App. Ct. 527, 531 (2003), citing *Rushworth* v. *Registrar of Motor Vehicles*, 413 Mass. 265, 272 (1992). The right to equal protection "essentially mandates that 'all persons similarly situated should be treated alike.'"  *Murphy* v. *Commissioner of Dept. of Indus. Accidents*, 415 Mass. 218, 226 (1993), quoting *Cleburne* v. *Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985).  Where differential treatment is because of a person's membership in a suspect class or has the effect of "trammel[ing] on one of his fundamental rights," the government's conduct is subjected to "strict scrutiny."  *LaCava*, 58 Mass. App. Ct. at 532.  Here, Mr. Traylor alleges that the Department failed to investigate his claims that he was the victim of theft because of his status as an incarcerated person.  Inmates do not comprise a suspect class for the purposes of equal protection analysis.  See *id*.  Where "strict scrutiny" does not apply, differential treatment is analyzed under the "rational basis" test, under which government conduct does not violate the right to equal protection "if any state of facts reasonably may be conceived to justify the [action]."  *LaCava*, 58 Mass. App. Ct. at 533, quoting *LCM Enterprises, Inc.* v. *Dartmouth*, 14 F.3d 675, 679 (1st Cir. 1994).  Applying a rational basis analysis to Mr. Traylor's amended complaint, I find that the allegations do not plausibly suggest an entitlement to relief.

*18*

c.     *Policy or Custom.*  The amended complaint fails to state a claim under Section 1983 for the additional reason that it does not allege that the defendants' conduct was pursuant to a government policy or custom.  A municipality may only be liable for a deprivation of rights under Section 1983 if the deprivation resulted from a governmental policy or custom.  See *Monell* v. *Department of Social Services*, 436 U.S. 658, 690-91 (1978) . Cf. *Ford* v. *Town of Grafton*, 44 Mass. App. Ct. 715, 729 (1998) (noting that domestic violence victim alleging that city deprived her of equal protection must make showing of a policy or custom of providing less protection to victims of domestic violence); *Robinson* v. *Commonwealth*, 32 Mass. App. Ct. 6, 12 (1992) (dismissing equal protection claim; noting that plaintiff "d[id] not allege that there was a policy of inaction by the police with regard to violence against black students").

d.     *Conspiracy.*  In order to state a claim for conspiracy under Section 1983, a plaintiff must allege an agreement to violate his rights, an overt act in furtherance of the conspiracy and an "actual deprivation of a right secured by the Constitution and laws." *Earle*  v. *Benoit*, 850 F.2d 836, 845 (1st Cir. 1988).  Because the amended complaint fails to state a claim for deprivation of his rights to due process and equal protection, it necessarily also fails to state a claim for conspiracy under Section 1983. See *id.*  (holding that jury's finding that there had been no deprivation of rights eviscerated conspiracy claim).

**B.  Claim Based on Violation of G.L. c. 266, § 10.**

In his amended complaint, Mr. Traylor alleges that he made requests for records concerning his reports of theft.  It is unclear from the amended complaint whether Mr. Traylor is claiming that his requests were unlawfully denied and the reasons for such a claim.  Mr. Traylor fails, therefore, to state a claim under G.L. c. 266, § 10A(c).

6

*19*

## ORDER

For the reasons set forth above, it is **ORDERED** that defendants' motion to dismiss is **ALLOWED**.

Dated:  November 1, 2019

Mark D Mason
Justice of the Superior Court

**COMMONWEALTH OF MASSACHUSETTS**

HAMPDEN, SS.

SUPERIOR COURT
CIVIL ACTION NO. 1979CV00179

)
NICHOLAS TRAYLOR )
)
Plaintiff )
)
v. )
)
CITY OF SPRINGFIELD )
and )
SPRINGFIELD POLICE DEPARTMENT )
Defendants )
)

HAMPDEN COUNTY
SUPERIOR COURT
**FILED**

SEP -9 2019

CLERK OF COURTS

**DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**

Now come the Defendants, City of Springfield and Springfield Police Department, and

respectfully request this court to grant its Motion to Dismiss Plaintiffs' Amended Complaint

pursuant to M.R.C.P. 12(b)(6) and 12(b)(8).

As grounds thereon, please see the attached Memorandum of Law in support of this

motion.

*See Memorandum of Decision +*
*Order ("Mass") Mary C. Culley" Court (Arn)*

*11-1-17 allowed on*
*B.H. m. 11/01/19 order*

14

| **CLERK'S NOTICE** | DOCKET NUMBER<br><br>**1979CV00179** | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

| CASE NAME:<br>Traylor, Nicholos vs. Springfield Police Department et al | Laura S Gentile, Clerk of Courts |
|---|---|

| TO:<br>Nicholos Traylor<br>W-106342<br>MCI Norfolk<br>P.O. Box 43<br>Norfolk, MA 02056 | COURT NAME & ADDRESS<br>Hampden County Superior Court<br>Hall of Justice - 50 State Street<br>P.O. Box 559<br>Springfield, MA 01102 |
|---|---|

You are hereby notified that on 11/01/2019 the following entry was made on the above referenced docket:

Endorsement on Motion to dismiss all counts (#14.0): of Amended Complaint ALLOWED
See Memorandum of Decision & Order. (Mailed 11/01/19)

Judge: Mason, Hon. Mark D

| DATE ISSUED<br><br>11/01/2019 | ASSOCIATE JUSTICE/ ASSISTANT CLERK<br><br>**Hon. Mark D Mason** | SESSION PHONE#<br><br>**(413)748-6017** |
|---|---|---|

Date/Time Printed: 11-01-2019 13:15:29

SCV016_X11 08/2014

| JUDGMENT ON MOTION TO DISMISS | Trial Court of Massachusetts The Superior Court |
|---|---|
| **DOCKET NUMBER** 1979CV00179 | Laura S Gentile, Clerk of Courts |
| **CASE NAME** Traylor, Nicholas vs. Springfield Police Department et al | **COURT NAME & ADDRESS** Hampden County Superior Court Hall of Justice - 50 State Street P.O. Box 559 Springfield, MA 01102 |

**JUDGMENT FOR THE FOLLOWING DEFENDANT(S)**
City of Springfield
Springfield Police Department

HAMPDEN COUNTY
SUPERIOR COURT
**FILED**

NOV - 6 2019

**JUDGMENT AGAINST THE FOLLOWING PLAINTIFF(S)**
Traylor, Nicholos

CLERK OF COURTS

This action came on before the Court, Hon. Mark D Mason, presiding, and upon review of the motion to dismiss pursuant to Mass. R.Civ.P. 12(b),

It is **ORDERED AND ADJUDGED:**

The Amended Complaint of the plaintiff, Nicholos Traylor, is hereby dismissed as to defendants, City of Springfield and Springfield Police Department.

| DATE JUDGMENT ENTERED 11/06/2019 | CLERK OF COURTS/ ASST. CLERK X |
|---|---|

Date/Time Printed:  11-06-2019 12:55:58

SCV083\ 03/2016

18

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN SS.                              SUPERIOR COURT

NO. 1979 CV 00179

NICHOLAS TRAYLOR, PLAINTIFF

- V -

CITY OF SPRINGFIELD, DEFENDANT

## NOTICE OF APPEAL

TO THE CLERK:

PURSUANT TO MASS. R. APP. P. 3(a), THE PLAINTIFF APPEALS THE RULING OF THE COURT, MASON, J., WHO, ON NOVEMBER 1, 2019, ALLOWED THE DEFEN- DANTS' MOTION TO DISMISS.

THERE ARE NO TRANSCRIPTS FOR THIS CASE. PLAINTIFF REQUESTS A CERTIFIED DOCKET REPORT.

NOVEMBER 18, 2019    /S/

NICHOLAS TRAYLOR, PRO SE

BOX 43,

NORFOLK, MA 02056

CRTR2709-CR



**COMMONWEALTH OF MASSACHUSETTS**
**HAMPDEN COUNTY**
**Docket Report**



### 1979CV00179 Traylor, Nicholos vs. Springfield Police Department et al

| | | |
|---|---|---|
| **CASE TYPE:** Equitable Remedies | **FILE DATE:** | 03/11/2019 |
| **ACTION CODE:** D99 | **CASE TRACK:** | F - Fast Track |
| **DESCRIPTION:** Other Equity Action | | |
| **CASE DISPOSITION DATE:** 11/06/2019 | **CASE STATUS:** | Open |
| **CASE DISPOSITION:** Judgment after Finding on Motion | **STATUS DATE:** | 03/11/2019 |
| **CASE JUDGE:** | **CASE SESSION:** | Civil B - Ct. Rm.6 |

#### DCM TRACK

| Tickler Description | Due Date | Completion Date |
|---|---|---|
| Service | 06/10/2019 | |
| Rule 12/19/20 Served By | 07/09/2019 | 11/06/2019 |
| Answer | 07/09/2019 | |
| Rule 15 Served By | 07/09/2019 | 11/06/2019 |
| Rule 15 Filed By | 08/08/2019 | 11/06/2019 |
| Rule 12/19/20 Filed By | 08/08/2019 | 11/06/2019 |
| Rule 12/19/20 Heard By | 09/09/2019 | 11/06/2019 |
| Rule 15 Heard By | 09/09/2019 | 11/06/2019 |
| Under Advisement | 11/08/2019 | 11/01/2019 |
| Discovery | 01/06/2020 | 11/06/2019 |
| Rule 56 Served By | 02/04/2020 | 11/06/2019 |
| Rule 56 Filed By | 03/05/2020 | 11/06/2019 |
| Final Pre-Trial Conference | 07/03/2020 | 11/06/2019 |
| Judgment | 03/10/2021 | 11/06/2019 |

#### PARTIES

| | |
|---|---|
| **Plaintiff**<br>Traylor, Nicholos<br>W-106342<br>MCI Norfolk<br>P.O. Box 43<br>Norfolk, MA 02056 | **Attorney**                   PROPER<br>Pro Se<br>Massachusetts Bar<br>Added Date: 03/13/2019 |
| **Defendant**<br>City of Springfield | **Attorney**              666680<br>Cary L Szafranski<br>City of Springfield, Law Department<br>City of Springfield, Law Department<br>36 Court St<br>Room 210<br>Springfield, MA 01103<br>Work Phone (413) 750-2264<br>Added Date: 08/22/2019 |

CRTR2709-CR

**COMMONWEALTH OF MASSACHUSETTS**
**HAMPDEN COUNTY**
Docket Report

| Defendant | Attorney | 666680 |
|-----------|----------|--------|
| Springfield Police Department | Cary L Szafranski<br>City of Springfield, Law Department<br>City of Springfield, Law Department<br>36 Court St<br>Room 210<br>Springfield, MA 01103<br>Work Phone (413) 750-2264<br>Added Date: 05/17/2019 | |

| | | EVENTS | | |
|---|---|---|---|---|
| Date | Session | Event | Result | Resulting Judge |
| 10/09/2019 | Civil B - Ct. Rm.6 | Rule 12 Hearing | Decision rendered<br>Held - Under<br>advisement | Mason<br>Mason |

CRTR2709-CR



**COMMONWEALTH OF MASSACHUSETTS**
**HAMPDEN COUNTY**
Docket Report



| FINANCIAL DETAILS | | | | | |
|---|---|---|---|---|---|
| Date | Fees/Fines/Costs/Charge | Assessed | Paid | Dismissed | Balance |
| 03/13/2019 | Civil Filing Fee (per Plaintiff) | 240.00 | 0.00 | 240.00 | 0.00 |
| | Dismissed Type: Fee/Fine remitted due to finding of indigency. Dismissed Date: 03/15/2019 Dismissed Amount: 240.00 Dismissing Clerk / Judge: Partyka, Edward Comments: per pleading #2 fees are waived. Dismissed By: KJBOOK79 | | | | |
| 03/13/2019 | Civil Security Fee (G.L. c. 262, § 4A) | 20.00 | 0.00 | 20.00 | 0.00 |
| | Dismissed Type: Fee/Fine remitted due to finding of indigency. Dismissed Date: 03/15/2019 Dismissed Amount: 20.00 Dismissing Clerk / Judge: Partyka, Edward Comments: per pleading #2 fee is waived. Dismissed By: KJBOOK79 | | | | |
| 03/13/2019 | Civil Surcharge (G.L. c. 262, § 4C) | 15.00 | 0.00 | 15.00 | 0.00 |
| | Dismissed Type: Fee/Fine remitted due to finding of indigency. Dismissed Date: 03/15/2019 Dismissed Amount: 15.00 Dismissing Clerk / Judge: Partyka, Edward Comments: per pleading #2 fee is waived. Dismissed By: KJBOOK79 | | | | |
| 03/15/2019 | Fee for Blank Summons or Writ (except Writ of Habeas Corpus) MGL 262 sec 4b | 5.00 | 0.00 | 5.00 | 0.00 |
| | Dismissed Type: Fee/Fine remitted due to finding of indigency. Dismissed Date: 03/15/2019 Dismissed Amount: 5.00 Dismissing Clerk / Judge: Partyka, Edward Comments: per pleading #2 fee is waived. Dismissed By: KJBOOK79 | | | | |

CRTR2709-CR



**COMMONWEALTH OF MASSACHUSETTS**
**HAMPDEN COUNTY**
**Docket Report**

| | | | | |
|---|---|---|---|---|
| Total | 280.00 | 0.00 | 280.00 | 0.00 |

CRTR2709-CR



**COMMONWEALTH OF MASSACHUSETTS**
**HAMPDEN COUNTY**
**Docket Report**



| | | INFORMATIONAL DOCKET ENTRIES | |
|---|---|---|---|
| Date | Ref | Description | Judge |
| 03/11/2019 | | Attorney appearance<br>On this date Pro Se added for Plaintiff Nicholas Traylor | |
| 03/11/2019 | | Case assigned to:<br>DCM Track F - Fast Track was added on 03/11/2019 | |
| 03/11/2019 | 1 | RESTRICTED INFORMATION - Affidavit of Indigency and request for waiver substitution of state payment of fees and costs filed with Supplemental affidavit | |
| 03/13/2019 | 2 | Determination regarding normal fees and costs ALLOWED FORTHWITH by Clerk waived in full , pursuant to G. L. c. 261, § 27C(2). | Partyka |
| 03/13/2019 | 3 | (Nunc Pro Tunc 3/11/19) Original civil complaint filed. | |
| 03/13/2019 | 4 | Civil action cover sheet filed.<br><br>(Nunc Pro Tunc 3/11/19) | |
| 03/13/2019 | | Attorney appearance<br>On this date Pro Se added for Plaintiff Nicholas Traylor | |
| 04/05/2019 | 5 | Service Returned for<br>Defendant Springfield Police Department: Service via certified mail; | |
| 05/17/2019 | 6 | Received from<br>Defendant Springfield Police Department: Answer to original complaint. T.O. | |
| 05/17/2019 | | Attorney appearance<br>On this date Cary L Szafranski, Esq. added for Defendant Springfield Police Department | |
| 06/13/2019 | 7 | Plaintiff Nicholas Traylor's Motion to<br>request leave to Amend Complaint. | |
| 06/13/2019 | 7.1 | Affidavit of Nicholas Traylor | |
| 06/13/2019 | 8 | Plaintiff Nicholas Traylor's Motion to<br>request enlargement of time of 30 days to file Amended Complaint. | |
| 06/17/2019 | | Endorsement on Motion to request leave to amend complaint (#7.0): DENIED without prejudice to re-filing pursuant to Superior Court Rule 9A. That rule requires that the motion first be served on the defendant so that the defenda can serve an opposition, if it desires to do so. Please see the Rule. Mailed 6/18/2019 | Ferrara |
| 06/18/2019 | | Endorsement on Motion to request enlargement of time of 30 days to file amended complaint (#8.0): ALLOWED<br>Mailed 6/18/2019<br><br>Judge: Ferrara, Hon. John S | Ferrara |
| 06/27/2019 | 9 | Plaintiff Nicholas Traylor's Motion for<br>leave to amend complaint | |
| 06/27/2019 | 9.1 | Affidavit of Nicholos Traylor | |

CRTR2709-CR



**COMMONWEALTH OF MASSACHUSETTS**
**HAMPDEN COUNTY**
Docket Report



| 07/09/2019 | | Endorsement on Motion to amend the complaint- renewed (#9.0): No Action Taken<br>Defendant's may file any opposition by July 19, 2019, after which date the Court will take the motion under advisement - emailed 7/9/2019 to Atty. m. 7/17/2019 | Goodwin |
|---|---|---|---|
| 07/19/2019 | 10 | Plaintiff Nicholas Traylor's Motion for<br>Leave to Amend Complaint with verified Amended Complaint. | |
| 07/19/2019 | 10.1 | Plaintiff Nicholas Traylor's Motion to<br>the clerk provide plaintiff with one summons for new defendant. | |
| 07/22/2019 | | Endorsement on Motion of Plaintiff requesting leave to amend complaint with Verified Amended Complaint. (#10.0): ALLOWED<br>No opposition having been received. | Goodwin |
| 07/22/2019 | 11 | Amended: amended complaint filed by Nicholas Traylor | |
| 08/12/2019 | 12 | Service Returned for<br>Defendant City of Springfield: Service via certified mail; | |
| 08/22/2019 | | Attorney appearance<br>On this date Cary L Szafranski, Esq. added for Defendant City of Springfield | |
| 08/22/2019 | 13 | Defendants's Notice of intent to file motion to dismiss Plaintiff's Amended Complaint<br><br>Applies To: Szafranski, Esq., Cary L (Attorney) on behalf of City of Springfield, Springfield Police Department (Defendant) | |
| 09/09/2019 | 14 | Defendants Springfield Police Department, City of Springfield's Motion to dismiss amended complaint | |
| 09/09/2019 | 14.1 | Springfield Police Department, City of Springfield's Memorandum in support defendants' motion to dismiss | |
| 09/09/2019 | 14.2 | Affidavit of compliance with Superior Court Rule 9A<br><br>Applies To: Springfield Police Department (Defendant); City of Springfield (Defendant) | |
| 09/09/2019 | 14.3 | Rule 9A notice of filing<br><br>and list of documents | |
| 10/03/2019 | 15 | Plaintiff Nicholos Traylor's Petition for<br>Habeas Corpus Ad Testificandum for Hearing on October 9, 2019. | |
| 10/04/2019 | 16 | Habeas corpus issued as to Nicholos Traylor at MCI - Norfolk for 10/09/2019 02:00 PM Rule 12 Hearing. | |
| 10/09/2019 | | Matter taken under advisement:  Rule 12 Hearing scheduled on:<br>     10/09/2019 02:00 PM<br>Has been: Held - Under advisement<br>Comments: FTR CR #6<br>Hon. Mark D Mason, Presiding<br>Staff:<br>     Mary C Cullinan, Assistant Clerk Magistrate | Mason |

CRTR2709-CR



**COMMONWEALTH OF MASSACHUSETTS**
**HAMPDEN COUNTY**
**Docket Report**



| | | | |
|---|---|---|---|
| 11/01/2019 | | Endorsement on Motion to dismiss all counts (#14.0): of Amended Complain ALLOWED<br>See Memorandum of Decision & Order. (Mailed 11/01/19) | Mason |
| 11/01/2019 | 17 | MEMORANDUM & ORDER:<br><br>and DECISION on Defendants' Motion to Dismiss. (Mailed 11/01/19)<br><br>Judge: Mason, Hon. Mark D | Mason |
| 11/06/2019 | 18 | JUDGMENT on Defendants, City of Springfield, Springfield Police Department 12(b) motion to dismiss against Plaintiff(s) Nicholas Traylor.<br>It is ORDERED and ADJUDGED:<br>The Amended Complaint of the plaintiff, Nicholos Traylor, is hereby dismisse as to defendants, City of Springfield and Springfield Police Department.<br><br>Mailed 11/6/19 | Mason |
| 11/06/2019 | | Disp for statistical purposes | |
| 11/21/2019 | 19 | Notice of appeal filed.<br><br>Applies To: Traylor, Nicholos (Plaintiff) | |
| 02/03/2020 | 20 | Court received plaintiff's letter requesting assembly of the record. related to appeal | |
| 03/02/2020 | 21 | Plaintiff Nicholos Traylor's Motion for<br>court to order the clerk to assemble the record. | |
| 03/05/2020 | | Endorsement on Motion for court to order the clerk to assemble the record (#21.0): ALLOWED<br>(mailed 3/6/20)<br><br>Judge: Mason, Hon. Mark D | Mason |
| 06/19/2020 | 22 | Notice of assembly of record sent to Counsel | |
| 06/19/2020 | 23 | Notice to Clerk of the Appeals Court of Assembly of Record | |
| 06/19/2020 | 24 | Appeal: Statement of the Case on Appeal (Cover Sheet). | |
| 07/22/2020 | 25 | Appeal entered in Appeals Court on 07/20/2020 docket number 20-P-0802 | |
| 07/24/2020 | 26 | Notice of docket entry received from Appeals Court<br>Motion to docket entry without payment of fee - late filed by Nicholas Traylor.<br>The motion to waive entry fee is allowed conditionally, subject to review by the single justice. This appeal is now docketed for purposes of Mass. R.A.P. 19(a), which requires the appellant to serve and file the appeals brief and record appendix within the next forty days. | |

| APPLICATION FOR CRIMINAL COMPLAINT | APPLICATION NO. (court use only) | PAGE 1 OF 9 | Trial Court of Massachusetts District Court Department |
|---|---|---|---|

*(handwritten: 32)*

I, the undersigned complainant, request that a criminal complaint issue against the accused charging the offense(s) listed below. If the accused HAS NOT BEEN ARRESTED and the charges involve:

☐ ONLY MISDEMEANOR(S) I request a hearing ☐ WITHOUT NOTICE because of an imminent threat of
   ☐ BODILY HARM ☐ COMMISSION OF A CRIME ☐ FLIGHT ☐ WITH NOTICE to accused.
☒ ONE OR MORE FELONIES, I request a hearing ☐ WITHOUT NOTICE ☐ WITH NOTICE to accused.
☐ WARRANT is requested because prosecutor represents that accused may not appear unless arrested.

Court Name and Address

Hampden County
P.O BOX 559
SFLD, Ma 01102 0559

ARREST STATUS OF ACCUSED
☐ HAS   ☐ HAS NOT been arrested

### INFORMATION ABOUT ACCUSED

| NAME (FIRST MI LAST) AND ADDRESS | BIRTH DATE | SOCIAL SECURITY NUMBER |
|---|---|---|
| Latoya Smith 31 Oakwood Ter Springfield, Ma 01109 | PCF NO. | MARITAL STATUS |

| DRIVERS LICENSE NO. 12-18-1986 | STATE Ma |
|---|---|
| GENDER female | HEIGHT | WEIGHT | EYES |

| HAIR brown | RACE black | COMPLEXION brown | SCARS/MARKS/TATTOOS |
|---|---|---|---|

BIRTH STATE OR COUNTRY: SPFLD, MA    DAY PHONE 413-777-7472

EMPLOYER/SCHOOL     MOTHER'S MAIDEN NAME (FIRST MI LAST) Lidia Brown     FATHER'S NAME (FIRST MI LAST) John Smith

### CASE INFORMATION

| COMPLAINANT NAME (FIRST MI LAST) Nicholas traylor(w106342) | COMPLAINANT TYPE ☐ POLICE ☐ CITIZEN ☒ OTHER | PD |
|---|---|---|
| ADDRESS p.o Box 43 2 Clark St Norfolk, Ma 02056 | PLACE OF OFFENSE Indian Orchard, Ma 01151 |
| | INCIDENT REPORT NO.    OBTN |
| | CITATION NO(S). |

| | OFFENSE CODE | DESCRIPTION | OFFENSE DATE |
|---|---|---|---|
| 1 | G.L.c. 267 sec 1 | forged, Morgan & Morgan settlement check & forged title of SUV & property | 10-09-2016 |
| | VARIABLES (e.g., victim name, controlled substance, type and value of property, other variable information; see Complaint Language Manual) more then $50,000 in stolen property | | |
| 2 | sec 37C | Bank of America & Capital One credit card | 06-14-2016 |
| | VARIABLES more then $2,500 | | |
| 3 | 268sec 39 | Porshce Cayenne False statement Alleging Theft Coversion | 03-25-2016 |
| | VARIABLES more then $20,000 | | |

REMARKS I REQUEST A HEARING ON THESE MATTERS

COMPLAINANT'S SIGNATURE x *Nicholas traylor*    DATE FILED 9-35-18

| COURT USE ONLY | A HEARING UPON THIS COMPLAINT APPLICATION WILL BE HELD AT THE ABOVE COURT ADDRESS ON | DATE OF HEARING | TIME OF HEARING AT | COURT USE ONLY |
|---|---|---|---|---|

### PROCESSING OF NON-ARREST APPLICATION (COURT USE ONLY)

| DATE | | CLERK/JUDGE |
|---|---|---|
| | NOTICE SENT OF CLERK'S HEARING SCHEDULED ON: | |
| | NOTICE SENT OF JUDGE'S HEARING SCHEDULED ON: | |
| | HEARING CONTINUED TO: | |
| | APPLICATION DECIDED WITHOUT NOTICE TO ACCUSED BECAUSE: | |
| | ☐ IMMINENT THREAT OF ☐ BODILY INJURY ☐ CRIME ☐ FLIGHT BY ACCUSED | |
| | ☐ FELONY CHARGED AND POLICE DO NOT REQUEST NOTICE | |
| | ☐ FELONY CHARGED BY CIVILIAN: NO NOTICE AT CLERK'S DISCRETION | |

*(stamp: FILED SPRINGFIELD COURT AM 10:19)*

| DATE | COMPLAINT TO ISSUE | COMPLAINT DENIED | CLERK/JUDGE |
|---|---|---|---|
| 10/11/18 | ☐ PROBABLE CAUSE FOUND FOR ABOVE OFFENSE(S) NO(S). ☐ 1. ☐ 2. ☐ 3. BASED ON ☐ FACTS SET FORTH IN ATTACHED STATEMENT(S) ☐ TESTIMONY RECORDED: TAPE NO. START NO. END NO. ☐ WARRANT ☐ SUMMONS TO ISSUE ARRAIGNMENT DATE: | ☒ NO PROBABLE CAUSE FOUND ☐ REQUEST OF COMPLAINANT ☐ FAILURE TO PROSECUTE ☐ AGREEMENT OF BOTH PARTIES ☐ OTHER COMMENT *Insufficent information & pursu* | *CPC* |

CRTR2709-CR



**COMMONWEALTH OF MASSACHUSETTS**
**HAMPDEN COUNTY**
Docket Report



31

| 07/24/2020 | 27 | Notice of docket entry received from Appeals Court |
|---|---|---|

with respect to the Motion to docket without payment of fee - late filed
by Nicholas Traylor. The motion to waive entry fee is allowed conditionally,
subject to review by the single justice. This appeal is now docketed for
purposes of Mass. R.A.P. 19(a), which requires the appellant to serve and file
the appeals brief and record appendix within the next forty days.
on July 21, 2020, the following order was entered on the docket: RE#3:
Treating the within as a motion to docket the appeal late and to waive the
entry fee, the motion is allowed and the appeal is entered this date without
payment of a fee.





*33*

6

P.O. Box 55889
Boston, MA 02205
www.massrmv.com

Customer Service
857-368-8000

For help with Suspensions
Please dial 857-368-8200

Erin C. Deveney
Registrar

02/26/15

ⁿⁱⁱᴵⁱⁱᴵⁱⁱⁱ·ⁱ·ⁱ·ⁱⁱⁱⁱᴵᴵᴵᴵᴵⁱⁱᴵⁱⁱᴵⁱⁱ·ⁱ·ᴵⁱⁱⁱⁱⁱⁱᴵᴵᴵⁱⁱⁱᴵⁱⁱᴵⁱⁱᴵ

TRAYLOR, NICHOLAS
1244 WORCESTER ST
INDIAN ORCHARD , MA 01151

DOB: 04/27/75

REGISTRATION NUMBER: PAN 123VJ6  R

USPS ID:924930

You are hereby notified that effective 03/08/15, the motor vehicle registration listed below will be revoked without further notice as a result of your liability insurance being cancelled.

    Insurance Company: LM GENERAL INSURANCE COMPANY
        Policy Number: ADS2180690604048
Policy Cancellation Date: 02/03/2015
         Registration: 123VJ6
                  VIN: WP1AB29P64LA68798

The Registry of Motor Vehicles has been notified by your insurance company, shown above, that your motor vehicle insurance policy has been cancelled thereby invalidating the listed registration. Massachusetts law requires that you must, at all times, maintain a Massachusetts motor vehicle liability insurance policy in order to operate your motor vehicle on the ways of the Commonwealth.

If you have not obtained a new Massachusetts insurance policy or you elect not to obtain new Massachusetts insurance, or you have moved out of state, you must cease operation of your motor vehicle and you must surrender your registration and plates at the nearest Registry of Motor Vehicles' office immediately. Otherwise, you are required, with the help of your agent/insuranc company, to have your insurance company electronically submit proof of insuranc coverage to the Registry of Motor Vehicles prior to the effective revocation date shown above. If you do not obtain a new Massachusetts insurance policy until after the revocation date, you must obtain a stamped RMV-3 form from your agent/insurance company, and pay the appropriate reinstatement fee.

You may request a hearing concerning the matter at the RMV branches locate in Braintree, Worcester, Springfield, Lawrence, or 136 Blackstone St., Boston. If you are aggrieved by a decision or order of the Registrar you may, within 10 days of the effective date of the Registrar's order, appeal to the Board of Appeal on Motor Vehicle Liability, Policies and Bonds, 1000 Washington St, 8th Floor, Boston, MA 02118. You can also download an appeal application from their website at WWW.STATE.MA.US DOI or call them at 617-521-7794. No appeal will stay the revocation order and you must still comply with the above directive to turn in your registration forthwith.

Remember, you must immediately cease operation of your motor vehicle if it is not properly insured.

                        Celia J. Blue, Registrar

8



## Springfield Police Department
### Image Associated With Case Number 14-553-AR
Image Description: Porsche Cayenne



DA DISCOVERY

PAGE: 34

9



Springfield Police Department
Image Associated With Case Number 14-553-AR
Image Description: Porsche Cayenne



DA DISCOVERY

PAGE: 35



Springfield Police Department
Image Associated With Case Number 14-553-AR
Image Description: Porsche Cayenne



DA DISCOVERY

PAGE: 36

…



This is a typed copy of the original copy i sent to the Springfeild, police department.

To whom it may concern,
Hello my name is Nicholas Traylor, and this is a true statement that i am making to you the Springfield, police department.

I wrote to your police department back in November of 20017, in regards to my stolen 2004 Porsche Cayenne SUV truck, and a settlement check that was sent to my address at 1244 Worcester,St Indian, Orchard, Ma,01151, from MORGAN & MORGAN, law firm, phone number(407-420-3987) fax(407-245-3487) ATTORNEY Bernard, Mazoheir,Esq.
I had my mother Marvise Traylor to call Morgan & Morgan to verify, when and where did they send the settlement check, and they told my mother Marvise Traylor,that they mailed the settlement check to my home address, which is 1244 Worcester St, Indian Orchard,MA 01151.

I asked a lawyer, what can i do, due to my situation, and he advised me to write this letter to the Springfield police department.

Latoya Smith, has to leave my apartment soon, because my landlord and i do not want Latoya Smith their anymore, and i want my mother Marvise Traylor to watch Latoya Smith pack, so she does not take any thing that does not belongs to her,only thing Latoya Smith owns is her and her kids cloths, thats it!

Your truely,

Nicholas Traylor

(W106342)



My mother Marvise Traylor, was trying on my behalf to retrieve
all of my things out of my house at 1244 Worcester St, Indian
Orchard, Ma,01151, from Latoya Smith. So my mother Marvise Traylor
called the Springfield police department numerous times, asking
about the complaint letters i sent, but your police department
would not give my mother any information, even though i gave your
police department promision, to call my mother Marvise Traylor,
again her number is (413-563-1393 address 116 Maynard St, Spfld,
Ma,01109.


     I have not heard from your police department as of yet and
i do not know what else to do, my landlord and myself wants Latoya
Smith out of my house, and i want my mother Marvise Traylor, to
gather all of my things. (gold chain, a couple of t-mobile phones,
that Latoya Smith forged my name on, my passport and wallet,
furniture, sofa & loveseat, dinning room set, two flat screen Tv,
one is 46" they other is 52", my clothes, sneakers, watches like
Guess and Movado, a washer/dryer,baseball, basketball and football
cards, a championship David Ortiz bobblehead, a Harry Potter stamp
collection, two bufflo nickels from the 1800, which are priceless,
my solo flex fitness machine, a hydroponic grow setup and my
Porsche Cayenne.


     Latoya Smith has used and forged my name on my credit card,
and was running the utility bills up in my name at my house at
1244 Worcester St, Indian Orchard, Ma,01151, which is hurting my
credit.


     I would like all of my prossession to be given to my mother
Marvise Traylor and i would like to press charges on Latoya Smith



In regards to my letters, update, i was told from family and friends,
that Latoya Smith crashed my Porsche Cayenne,
in a high nspeed chase through Springfield and was arrested with
three other people on drugs and firearms charges.


        In regards to this new information, i do not want Latoya Smith
to collect any benefit from the insurance company.



        With all the events taken into consideration and the effort
of efficiency, this letter shall serve as a written release to
authorize my mother MARVISE TRAYLOR to retieve any and all property
in this matter, file and reieve any report or complaints on my behalf
in this matter, communicate via email, telephone, mail, or discuss
in person all matters related to this incident, with any investigation,
past and present.




                        YOURS TRUELYU

                        NICHOLAS TRAYLOR



# COMMONWEALTH OF MASSACHUSETTS

NICHOLAS TRAYLOR

    V.

LATOYA SMITH

## COMPLAINT

This is a sworn true statement is being made under the pains, of perjury and is being done so to the best of my knowledge and ability.

My name is Nicholas Traylor, and i was sentance to prison on 5/6/15 and upon me going to prison i told Latoya Smith to watch over my house and told Latoya Smith, do not take anything out of my house, and do not register or insure or even drive my gray Porsche Cayeene, license plate number, 123VJ6, vin number# WPLAB29P64LA68798.

Futhermore, i had a settlement check that was sent to my address of 1244 Worcester St, Idian Orchard, Ma,01151 from Morgan & Morgan, law firm in Florida.

I was told from my sister that she saw Latoya Smith driving my Porsche Cayeene, and i tried to write and call Latoya Smith, regarding my Porsche Cayeene, my settlement check amd my property at my house, which is 1244 Worcester St, Indian Orchard, Ma 01151. I've written to the Springfield police department as well as the Registery of Motor Vehicle, and reported my Porsche Cayeena, settlement check and my property at my house 1244 Worcester St, Indian Orchard, Ma 01151, was stolen and forged by Latoya Smith.

*Nicholas Traylor*

nicholas traylor
2 Clark St
Norfolk, Ma 02056

3



COMMONWEALTH OF MASSACHUSETTS

Dated; 9/25/2018

Hampden, ss                                    SUPERIOR COURT

NICHOLAS TRAYLOR
        Plaintiff

vs

LATOYA  SMITH
        Defendant

COMPLAINT

My name is NICHOLAS TRAYLOR, and i was sentence to prision on
.5/6/15 and upon me going to prision i told LATOYA SMITH TO WATCH
OVER MY HOUSE and told LATOYA SMITH, do not register or drive my
PORSCHE CAYENNE.

        Futhermore, i had a settlement check that was mail to my address
at 1244 Worcestert Street, Indian Orchard, Ma, from Morgan & Morgan,
a law firm in Florida.

        I told my brother Marco Traylor, to call LATOYA SMITH, and
pick up my gold chain, my brother Marco Traylor told me that
LATOYA SMITH pawn my chain at the Jewelry Exchange, on Summer Allen
in Springfield, Ma. I tried to call and write LATOYA SMITH, REGARDING
my chain, and all my property at 1244 Worcester Street, Indian
Orchard, Ma.

        My brother Marco Traylor, and other relative of mines, told
me that they saw LATOYA SMITH driving my PORSCHE CAYEENE, LATOYA
SMITH never responed.

        I wrote the court and made a criminal complaint, as well to
the Springfield, police department and The Registry Of Motor Vehicle
and reported my PORSCHE CAYENNE, my settlement check,gold chain,

4



and property at my house 1244 Worcester, Indian, Orchard,Ma, in which LATOYA SMITH forged documents in my name.

My mother Marvise Traylor, was trying on my behalf, to retrieve all my prossession out of my house at 1244 Worcester, Street, Indian, Orchard, Ma. My mother Marvise Traylor called the Springfield, police department numerous times regarding my complaint i made aginst LATOYA SMITH, but the police would not give my mother Marvise Traylor any information regarding my complaint.

I have not heard back from the Springfield, police department as of yet and i dont know what else to do.

My landlord and myself, want LATOYA SMITH out of my house and i want my mother Marvise Traylor to gather all my property, my gold chain is worth( 10,000 ), my sofa and love seat, dinning room set, together cost( 3,000 ). I HAVE two flat screen television, one of the television is a 52" and the other is a 46" television that cost( 1,500 ) for both together for the SONY televisions.

I ALSO have a washer/dryer that is worth( 2,000 ). I have collectable, like rare basketball, football, baseball cards, a David Ortiz Championship bobblehead, HARRY POTTER stamp collection, and two buffalo nickels from the 1800s, which are priceless, my Solo Flex fitness machine, that is worth( 1,000 ), and a hydroponic grow setup kit, that is worth( 5,000 )

LATOYA SMITH has used and forged my name on documents, charged up my Bank of America and Capital One credit cards, my wallet, with my license and my passport and etc... Also LATOYA SMITH left me with utility bills at 1244 Worcester, Street, Indian, Orchard, Ma, which is hurting my credit score.

5



<u>FOR RELIEF</u>

<u>I</u> would like the court to ORDER, LATOYA SMITH, TO give all my
prossession to my mother, Marvise Traylor, and i would like latoy
SMITH asset FROZEN until all my prossessions or property is
returned to my mother Marvise Traylor.

<u>MADE UNDER THE PENALTIES OF PERJURY</u>

NICHOLAS TRAYLOR
2 Clark Street
P.O BOX 43
NORFOLK, Ma 02056

Dated; 9/25/2018

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN SS.                                   SUPERIOR COURT

                                             No. 1979CV00179

Traylor v. Springfield Police Dept., et. al.,


                VERIFIED MOTION FOR COURT TO ORDER
                          THE CLERK
                   TO ASSEMBLE THE RECORD

        The plaintiff, appearing Pro Se, moves this

Honorable Court to order the Clerk pursuant to

Mass.R.App.P. 9(e)(1)(A)(i), to compile and assemble

the appellate record for this case.


        As grounds therefore, the plaintiff filed his

Notice Of Appeal on November 18, 2019.  The Clerk

has not issued a Notice Of Assembly Of The Record

to the plaintiff.


SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS
TWENTY-FOURTH DAY OF FEBRUARY, TWO THOUSAND TWENTY,

February 24, 2020          /s/ _Nicholas Traylor_
                           Nicholas Traylor, Pro Se
                           Box 43,
                           Norfolk, MA 02056